Marino v Mazzuoccola (2021 NY Slip Op 08177)





Marino v Mazzuoccola


2021 NY Slip Op 08177


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-14168
 (Index No. 102972/12)

[*1]Joseph Marino, et al., respondents, 
v
Emily Mazzuoccola, et al., appellants, et al., defendant.


Gyimesi & Wedinger, P.C., Staten Island, NY (Laurel A. Wedinger of counsel), for appellants.
Menicucci Villa Cilmi, PLLC, Staten Island, NY (Daniela Guerrero of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, in effect, that an easement over a certain portion of the plaintiffs' real property is invalid, the defendants Emily Mazzuoccola and Taylor Mazzuoccola appeal from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), entered November 1, 2018. The order, insofar as appealed from, denied the motion of the defendants Emily Mazzuoccola and Taylor Mazzuoccola to extend a notice of pendency previously filed and granted those branches of the plaintiffs' cross motion which were to cancel and discharge the notice of pendency and the subject easement.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Emily Mazzuoccola and Taylor Mazzuoccola to extend the notice of pendency is granted, and those branches of the plaintiffs' cross motion which were to cancel and discharge the notice of pendency and the subject easement are denied.
In an order dated September 10, 2018, the Supreme Court determined, inter alia, that an easement over a certain portion of the plaintiffs' real property was invalid. On September 25, 2018, the defendants Emily Mazzuoccola and Taylor Mazzuoccola (hereafter together the defendants) moved to extend a notice of pendency previously filed against the property where the easement is located. The plaintiffs cross-moved, among other things, to cancel and discharge the notice of pendency and the subject easement. In an order entered November 1, 2018, the Supreme Court, inter alia, denied the motion and granted those branches of the cross motion. The defendants appeal.
The Supreme Court should have granted the defendants' motion to extend the notice of pendency, and denied that branch of the plaintiffs' cross motion which was to cancel and discharge the notice of pendency. The defendants' motion was timely made and the defendants showed good cause for the extension of the notice of pendency (see CPLR 6513; Knopf v Sanford, 110 AD3d 502). Contrary to the plaintiffs' contention, they failed to establish a ground for mandatory cancellation of the notice of pendency (see CPLR 6514[a]; see generally Nastasi v Nastasi, 26 AD3d 32, 39).
Moreover, in light of this Court's determination in a related appeal from the order dated September 10, 2018 (see Marino v Mazzuoccola, _____ AD3d _____ [Appellate Division Docket No. 2018-13527; decided herewith]), the Supreme Court should not have granted that branch of the plaintiffs' cross motion which was to cancel and discharge the subject easement.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court